Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorney for Diversified Consultants, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON G. MARTINEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 18-CV-05646 |
| Plaintiff, | ANSWER TO COMPLAINT |
| vs. | |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant. | |

    Defendant Diversified Consultants, Inc. (DCI), by and through undersigned counsel, responds as follows to the Complaint of Plaintiff Ramon G. Martinez:

///

///

**NATURE OF THE ACTION**

1.    In response to ¶ 1, DCI admits its records reflect that an account in Plaintiff's name was placed with DCI for collection and that calls were made in the ordinary course of business relating to the account, including on the dates and times listed.  DCI denies any calls were placed to Plaintiff using an automatic telephone dialing system.

2.    DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 2, and based thereon denies the same.

3.    DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 3, and based thereon denies the same.

4.    DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 4, and based thereon denies the same.

5.    DCI admits that Plaintiff brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Except as expressly admitted, DCI denies the remaining allegation contained in ¶ 5.

**PARTIES**

6.    DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 6, and based thereon denies the same.

7.    DCI admits the allegations contained in ¶ 7.

**JURISDICTION & VENUE**

8.      DCI avers the allegations contained in ¶ 8 are legal conclusions to which no response is required.  To the extent a response is required, DCI avers the Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Except as expressly admitted, DCI denies the remaining allegations contained in ¶ 8.

9.      DCI avers the allegations contained in ¶ 9 are legal conclusions to which no response is required.  To the extent a response is required, DCI admits the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, but denies the remaining allegations.

10.     DCI avers the allegations contained in ¶ 10 are legal conclusions to which no response is required.  To the extent a response is required, DCI admits venue is proper.

## FACTUAL ALLEGATIONS

11.     DCI admits the statute cited in ¶ 11 speaks for itself and refers all matters of law to the Court.

12.     DCI admits the statute cited in ¶ 12 speaks for itself and refers all matters of law to the Court.

13.     DCI admits the FCC Order cited in ¶ 13 speaks for itself and refers all matters of law to the Court.

14.     DCI lacks sufficient information to form a belief as to the truth of the

matters alleged in ¶ 14, and based thereon denies the same.

15.     In response to ¶15, DCI admits its records reflect that an account in Plaintiff's name was placed with DCI for collection and that calls were made in the ordinary course of business relating to the account.  DCI denies any calls were placed to Plaintiff using an automatic telephone dialing system.

16.     DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 16, and based thereon denies the same.

17.     DCI denies the allegations contained in ¶ 17.

## **CLASS ALLEGATIONS**

18.     DCI admits that Plaintiff purports to bring this action on behalf of a putative class as alleged in ¶ 18, but DCI denies this action can be maintained as a class action.

19.     DCI admits that Plaintiff purports to bring this action on behalf of a putative class, but DCI denies the allegations contained in ¶ 19 and denies this action can be maintained as a class action.

20.     DCI admits that Plaintiff purports to bring this action on behalf of a putative class excluding the categories of persons outlined in ¶ 20, but DCI denies the allegations contained in ¶ 20 and denies this action can be maintained as a class action.

21.    DCI admits that Plaintiff purports to bring this action on behalf of a putative class, but DCI denies the allegations contained in ¶ 21 and denies this action can be maintained as a class action.

22.    DCI denies the allegations contained in ¶ 22.

23.    DCI denies the allegations contained in ¶ 23.

24.    DCI admits that Plaintiff purports to bring this action on behalf of a putative class, but DCI denies the allegations contained in ¶ 24, and subparagraphs a. through e., inclusive, and denies this action can be maintained as a class action.

25.    DCI denies the allegations contained in ¶ 25.

26.    DCI lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 26, and based thereon denies the same.

27.    DCI denies the allegations contained in ¶ 27.

28.    DCI denies the allegations contained in ¶ 28.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227

29.    DCI incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

30.    DCI denies the allegations contained in ¶ 30.

31.    DCI denies the allegations contained in ¶ 31.

32.     DCI denies the allegations contained in ¶ 32.

33.     DCI denies the allegations contained in ¶ 33.

SECOND CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227

34.     DCI incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

35.     DCI denies the allegations contained in ¶ 35.

36.     DCI denies the allegations contained in ¶ 36.

37.     DCI denies the allegations contained in ¶ 37.

38.     DCI denies the allegations contained in ¶ 38.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

DCI alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

DCI alleges Plaintiff consented to and/or invited the conduct for which he seeks relief.

THIRD AFFIRMATIVE DEFENSE

DCI alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

DCI alleges that the calls at issue were not placed using an automatic telephone dialing system and/or artificial or prerecorded voice.

## FIFTH AFFIRMATIVE DEFENSE

DCI alleges that the calls to Plaintiff at issue in this action were not to a wireless a/k/a mobile a/k/a cellular phone number.

## SIXTH AFFIRMATIVE DEFENSE

DCI alleges that plaintiff failed to mitigate his alleged damages.

WHEREFORE, DCI respectfully requests that:

1.     Plaintiff take nothing by way of his Complaint;

2.     Judgment of dismissal be entered in favor of DCI;

3.     DCI be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.     DCI be granted such other and further relief as the Court deems just and proper.

Dated: 7/26/2018                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

                                    */s/Debbie P. Kirkpatrick*
                                    Debbie P. Kirkpatrick
                                    Attorney for Defendant
                                    Diversified Consultants, Inc.

Answer to Complaint

7